# Hyden v. Combs et al.

## Combs v. Same.

(Decided June 23, 1936.)

EDWARD C. O'REAR and ALLEN PREWITT and E. C. HYDEN for appellants.

COPE & COPE and A. F. BYRD for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming in part and reversing in part.

Each of the above-styled cases was begun and prosecuted as a separate action, though involving substantially the same questions, and upon their appeal here have been consolidated and will be considered and disposed of together.

Prefacing this, with the view of aiding in giving a clearer understanding of the questions presented upon appeal, we deem it appropriate to give a brief summary

of the factual background out of which this protracted litigation has arisen and which had as its motivating cause the desire of numerous members of the extensive Kentucky Combs family to participate as beneficiaries in the rather substantial estate of Nathan Combs, their nonresident kinsman, who died testate in 1899 a resident of Washington County, Arkansas.

By his will he devised the major portion of this property in common to his widow for life, with a defeasible fee therein to his son, Isaac, subject to defeasance upon two therein named conditions, upon which contingencies the estate was to pass and be equally divided between the sons of his three deceased brothers, Alfred, Sewell, and Isaac Combs, all residents of Kentucky.

Upon testator's death, his will was duly probated, and thereby his estate passed as devised to his widow and son, who it appears thereupon further procured, by some character of judicial declaration, a fee in the estate.

However, by 1925, the testator's widow and son having died and the rights under the will of the remaindermen being seemingly much confused, various Kentucky heirs at law of the three named brothers of the testator, Nathan Combs, claiming as such under the will to have acquired an interest in his estate and looking to their recovery of it, entered into an agreement with one of their co-heirs, L. L. Combs (the son of the devisee Alfred Combs, deceased), whereby he was appointed and designated as their attorney in fact and given authority to employ counsel to assist him in the settlement and distribution of the Arkansas estate and to recover for them their claimed interests therein.

At about the same time, the named L. L. Combs, so empowered, entered into a written contract with the appellant E. C. Hyden, whereby he employed him to represent him and the alleged heirs in the settlement and distribution of the Nathan Combs Arkansas estate and, as fixing the fee for his services, the writing provided that

"the said L. L. Combs was to have $1,000 for his services as attorney in fact and then the said Hy-

den was to have a sum equal to one-half the remainder of said heirs' interest in the said estate."

Further, the contract provided that Hyden was to go to Arkansas and stay there as long as necessary for attending to all legal matters pertaining to the estate and to the final settlement and distribution of same.

Thereupon the said Combs and Hyden went to Arkansas, where they participated in proceedings, instituted by the heirs of Nathan Combs, then pending in the chancery court of Washington county, which involved the construction of his will and the settlement of the estate. The court adjudged that L. L. Combs and his coheirs represented by him had acquired no interest in the estate. However, it does appear that the appellant A. T. Combs and his brother, J. W. Combs, were in that or another proceeding adjudged, or by some agreement acquired, a certain landed interest in the estate.

It further appears that upon these heirs acquiring such an interest therein, they thereupon entered into a compromise settlement agreement with L. L. Combs, both individually as their coheir and as attorney in fact for the alleged heirs represented by him in regard to their claims against the estate, by which they agreed to pay him the sum of $19,000. They thereupon paid him $11,000 of this amount in cash, $1,000 of which was retained by him (L. L. Combs) as payment for his services. $5,000 of the remaining $10,000 was retained by or paid to E. C. Hyden as his contract fee of one-half the $10,000 collected for the heirs, which left a balance of $5,000 to be paid and distributed by Combs under the contract among the Kentucky heirs whom the said Combs, as their attorney in fact, and Hyden, his attorney, were representing in the transaction.

However, it appears that Combs failed either to make any substantial distribution of this balance of $5,000 collected and payable to the heirs, or to make any further timely effort to collect the remaining $8,000 owing upon the agreed settlement price, though same was by the agreement made and remained a vendor's lien against the land or estate property which the said A. T. Combs and brother, J. W. Combs, the purchasers of appellees' claimed interest, had been adjudged, or otherwise acquired.

The appellee heirs, it appears, after having made

demands and further effort to collect these amounts owing them by A. T. Combs, L. L. Combs, and E. C. Hyden, without avail, in May, 1926, brought an action in the Breathitt circuit court for an accounting against L. L. Combs (who died in the December following, during the pendency of the suit) and E. C. Hyden, in which they sought to recover the amounts alleged due them under the compromise agreement settlement made in their behalf. Also by later amendment to their petition filed in November, 1926, A. T. Combs and brother, J. W. Combs, the alleged purchasers of their interests in the estate, were made parties defendant to the action, though A. T. Combs was not brought before the court by service of process thereon until about a year later or in November, 1927.

In the meantime, it appears that A. T. Combs, before being thus made party defendant in this suit by service of process upon him, undertook to liquidate his remaining indebtedness owing plaintiffs (here appellees) by procuring a loan from the Federal Land Bank, which it agreed to make him upon the condition that he would first, by appropriate legal proceedings taken, remove the cloud from his title to the estate property, existing by reason of the unsatisfied vendor's lien, in favor of appellees, against it of $8,000, incurred in their compromise settlement transaction. Looking to this end, A. T. Combs filed a quasi in rem action in the chancery court of Washington county, Arkansas, against appellees, proceeding against them as nonresidents by warning order publication, and deposited, under the court's order, as the alleged balance owing them on the $8,000 lien debt, the sum of $3,875 in the registry of the court and also then paid to E. C. Hyden, his attorney, the sum of $4,000 as the further fee owing him, or his one-half of this $8,000 remainder of the compromise settlement debt thus collected for the appellees.

The Arkansas court adjudged in this proceeding that there was due appellees (only constructively before the court) the sum of $3,875, therein deposited; that the lien upon the Arkansas lands involved securing its payment be released; and that the $3,875 deposited, be distributed among appellees, the Kentucky heirs and plaintiffs in the Breathitt county suit as entitled.

Thereafter Combs, being served with process and made a party defendant in the Breathitt county suit, in defense to that action filed certified copies of the proceeding and judgment of the Arkansas court, showing his payment made, under the directions of that court, of the $3,875 claimed by plaintiffs as owing them, which was by the Arkansas court ordered distributed by the commissioner to the appellees, the Kentucky plaintiffs, in payment of this same Combs' debt adjudged owing them in that action.

The Breathitt circuit court, however, denied appellant's contention in this and, while recognizing that the court of a foreign state had jurisdiction of the rem, therein situated, upon substituted service upon the nonresident Kentucky plaintiffs, and the right to discharge the mortgage of record thereon, held that the foreign court had no jurisdiction to adjudicate the Kentucky defendants' personal rights, and that the Arkansas judgment was not effectual to bar recovery of their debt sued for or, in other words, that the judgment of the Arkansas court, in Combs' action to have a lien on the property canceled as a cloud on the title, while valid to the extent of adjudging that the indebtedness had been paid and canceling the lien, was not res adjudicata as to its payment in an action in Kentucky to recover on the indebtedness in question, as the Arkansas judgment was, being based merely on constructive service, binding only with respect to the res, as to which it had jurisdiction.

Further the judgment held that inasmuch as the plaintiffs in the accounting suit were adjudged to recover the amount shown due them of $3,875, and that such debt had not been paid them (as adjudged by the Arkansas court) out of the fund deposited by plaintiff therein, that the said A. T. Combs might withdraw the said amount of $3,875 from the custody of the commissioner of the said court, though contrary to the decision of the Arkansas court, adjudging it to appellees.

Upon an appeal prosecuted by A. T. Combs from this judgment of September 3, 1930, the same was affirmed in an opinion rendered May 12, 1933, by this court, appearing of record in Combs v. Combs, 249 Ky. 155, 60 S. W. (2d) 368, 89 A. L. R. 1095.

Further the holding of the judgment was that the

appellees should recover against the administratrix of their attorney in fact, L. L. Combs, $5,000 with interest from January 6, 1926, subject to credits, however, for such payments as made them; that they should recover against A. T. Combs $8,000, with credit for the $4,125 paid by him to Mr. Hyden or $3,875 with interest; that A. T. Combs might withdraw the $3,875, which he had paid into the chancery court of Washington county, Arkansas, for use and benefit of the plaintiffs to whom it was therein adjudged as the amount owing and to be paid, but, contrary to the decision of the Arkansas court, it was held by the trial court not to constitute a payment to them, as it was the appellant's duty to pay the debt to the plaintiffs in the state where he owed it and where sought to be recovered by them; and further it adjudged that its being shown that E. C. Hyden had already collected from A. T. Combs the sum of $4,125 of the $8,000 balance and interest, due from the said A. T. Combs as adjudged, if all the remainder of said $8,000 and interest should not be collected, the said E. C. Hyden would be entitled to only one-half of the entire amount collected and distributed on the $8,000 judgment against the said A. T. Combs plus $125, advanced by him and in the event the amount collected by the said E. C. Hyden should be in excess of one-half of the amount collected on the $8,000 judgment and debt against A. T. Combs, E. C. Hyden was "adjudged to pay and return one-half the excess of the amount collected by him above said one-half to the master commissioner of the Breathitt circuit court for distribution among the plaintiffs as their interests may appear, as herein adjudged, with six per cent. interest from the date of collection."

This court in affirming that judgment in effect held that the appellants, A. T. Combs and E. C. Hyden, owed the appellees one-half (less the $125.00 advanced by Hyden, as stated supra) of the $8,000 remainder of the debt or such part thereof as had not been collected.

Thereafter, in March, 1934, plaintiffs gave notice to the defendants that they would on the day named move to redocket the case of John H. Combs et al. v. L. L. Combs et al. and would also move for an execution to be issued at once on the judgment rendered therein against the defendants for the money shown owing by them.

It appears that pursuant to such notice and mo-

tion, executions were issued upon the judgment against all of the defendants except E. C. Hyden, which were by the sheriffs to whom sent for execution returned with endorsement of "no property found" thereon; but that the clerk of the Breathitt circuit court refused to issue execution upon the judgment rendered against E. C. Hyden, upon the ground that same was rendered for no specific amount and in effect made him only a conditional guarantor of the collection of plaintiffs' debts against the parties therein adjudged to pay same.

E. C. Hyden, it appears, filed an amended answer and counterclaim for his client, A. T. Combs, whereby he sought to have set aside or modified the judgment against him, on the grounds that he was entitled to credit by the amount of $1,800, therein allowed the heirs of Shad Combs, as he had in fact settled their claim for one-fifth of the amount of $9,000 adjudged owing the heirs by executing to them his independent writing therefor, in full settlement of their claim, which they had accepted; that since the rendition of the judgment on September 3, 1930, he had learned that they had not authorized or consented to their being made parties to the Breathitt county suit; and that they had instituted their separate action on Combs' note in the Wolfe circuit court, upon which they were asking recovery of judgment against him. Further he pleaded that after the payment by A. T. Combs of the $3,875 into the aforesaid Arkansas court, which had been adjudged as the lien debt amount owing by A. T. Combs to the plaintiff beneficiaries and distributed to them, but contrary to such holding it was adjudged by the Breathitt circuit court to still belong to the defendant Combs, with leave given him to withdraw it, but it appears that before he was permitted to so do, it was adjudged (in an action prosecuted by the revenue commissioner of that state against the nonresident Kentucky beneficiaries of the estate of Nathan Combs to whom the Arkansas court had adjudged the $3,875 paid) that $1,600 of said amount was owing by these nonresident plaintiffs, the appellees, to the state of Arkansas as the inheritance tax due on the amounts received by them from the Nathan Combs estate and such sum was accordingly adjudged paid it out of the impounded fund in that court; and by reason of said facts, the defendant Combs asked that the judgment of the Breathitt circuit

court against him be set aside or that it be modified by crediting against it the said amounts of $1,800 and $1,600.

Upon motion of the plaintiffs, the said proffered pleading was ordered stricken.

Also plaintiffs moved for a rule against the defendant Hyden, which was granted, directing him to show cause why he should not perform the judgment of the court rendered against him in the said styled original action of John H. Combs et al. v. L. L. Combs et al.

Also, an independent action was filed by the appellant A. T. Combs, wherein he sought a cancellation or modification of the same original judgment of the Breathitt circuit court, contending that he was entitled to have the same credited with the aforesaid amounts of $1,800 and $1,600, as set out and pleaded in his amended answer and counterclaim.

Further the defendant Hyden, in addition to his motion to quash the rule issued against him, which was refused, also by response thereto contended that the appellees, by employing other attorneys to prosecute the collection of their claims against the attorney in fact, L. L. Combs, and him, had relieved the said Hyden of the duty of further proceeding with its collection, as same was thereby taken out of his hands and, while the court's judgment made him a conditional guarantor of the collection of the amounts adjudged them to the extent of a one-half part thereof, as provided by his contract, that plaintiffs had been negligent and guilty of laches in failing to collect the full amount owing them by the said A. T. Combs, in that their claim was, under the terms of the compromise settlement, secured in its full payment by a vendor's lien against the said Combs property, then worth more by far than the amount of their debt; and that appellees were for such reason not entitled to recover a part of his fee or deny its payment to him, because, due to their own negligence, they failed to collect, through their newly employed attorneys, the unpaid but secured remainder of their debt.

Upon final submission of these actions, separately instituted and decided by the trial court, it was adjudged that the same should be dismissed, in having

shown no grounds for either a cancellation or any modification of its original judgment of September 3, 1930.

Separate appeals were prosecuted from these judgments, but as they present practically the same questions, growing out of the same transactions, the said appeals have been consolidated and will be here considered and together disposed of in one opinion.

After a very careful consideration and study of this vexed situation and the opposing claims and theories here presented, we have arrived at the conclusion that the appellant Hyden, having contracted with the attorney in fact of the appellees to collect and distribute among them an one-half part of such amount of a net recovery as he and L. L. Combs, their attorney in fact, might effect, he cannot be heard to contend that he should retain more than one-half part of such amount so collected for them, and we are of the opinion that the trial court's judgment in confining him to such an amount was altogether proper and that it rightfully so directed.

Upon its being made to appear that upon the $8,000 remainder of the settlement debt owing by A. T. Combs to the appellees no part thereof had been paid to them, but only the amount of $4,125 less the $125.00, as stated supra, had by Combs been paid to Hyden as his fee, for collecting this balance of $8,000, leaving uncollected of such $8,000 a balance of $3,875, representing the share of the appellees, that he, as directed by the court, should be required to repay one-half of the said amount of $4,125 less the said $125.00 so received, or $2,000 thereof to appellees, except as the same might be hereinafter modified by the allowance of any further proper credit thereon.

Further, we are not impressed with appellant Hyden's claims made as to the laches and negligence of the appellees in failing to themselves, through their attorneys employed, collect the remaining $3,875 of this $8,000 balance owing them by A. T. Combs, in that Hyden's contract provided that he was to receive 50 per cent. of the amount collected and distributed by him, and therefore his fee must be measured by the amount of the net recovery effected by him, with the result that of the $4,000 paid him as his fee by A. T. Combs upon his remaining debt of $8,000 owing appellees, Hyden having collected only $4,000 of such amount,

he is, under his contract, entitled to retain but 50 per cent. thereof.

Further, we find no merit in the contention made by the appellants that they are entitled to receive credit in the sum of $1,800 upon the judgment rendered against them, by reason of the transaction had between A. T. Combs and Shad Combs' heirs, in which he gave them, in settlement of their interest as heirs in the Nathan Combs estate, his writing for $1,800, for which he contends they have recovered in the Breathitt court judgment as plaintiffs in that action and have also, since the rendition of the judgment, instituted a further suit upon the writing in the Wolf circuit court, there seeking a recovery upon the same claim.

It is sufficient answer to such claim advanced by appellants that they knew of the facts now urged at the time the suit was pending in the Breathitt circuit court and urged no such grounds of objection or defense thereto and, further, that the record discloses, both by the pleadings and the proof heard on this question, that the court found that the Shad Combs heirs had joined as plaintiffs in the Breathitt circuit court suit and that their suit instituted in the Wolfe circuit court had been transferred to the Breathitt circuit court and made a part of the action there pending, seeking the same relief.

However, appellants further contended that after the rendition by the Breathitt court of its judgment in September, 1930, the fund deposited by A. T. Combs in the Arkansas court, (to be paid appellees as their interests might appear under the orders of that court in satisfaction of their claim, and which fund was by the Breathitt circuit court adjudged not to be a payment to the appellees, but that the fund remained the property of Combs, with the right given him to withdraw same) was garnisheed nonetheless as appellees, in a proceeding instituted by the taxing authorities of Arkansas and adjudged that to the extent of $1,600 of the fund it should be taken and applied to the payment and satisfaction of appellees' inheritance tax, which was a payment by Combs of this amount. It is our conclusion that the payment was in its legal effect a payment by Combs to appellees, with which they were properly chargeable as a credit or payment upon their judgment recovered against him, if the learned trial court should

find upon the evidence heard, but not appearing before us, that the said amount of the appellant's money was in fact so taken and applied to the payment of appellees' tax debt.

We therefore conclude the adjudged payment by A. T. Combs of this $1,600 upon the appellees' inheritance tax owing the state of Arkansas inured to the appellant Combs as a payment in such amount by him to the appellees upon their judgment and that the learned chancellor erred in sustaining a demurrer to Combs' petition so pleading the payment. For such reason, upon its appearing to the satisfaction of the chancellor by the record, or, if needed, by further proof heard upon this point, that such payment by Combs was in fact made in this way to the appellees upon their judgment, appellees' demurrer to the petition should be overruled and credit allowed Combs by such an amount on the judgment against him.

Further, in such event, or should the appellees' recovery be reduced by a tax charge of $1,600 so paid, that is from $18,000 to $16,400, upon which Hyden's 50 per cent. fee recovery was had, that same must be modified accordingly in its amount and the judgment of the court, requiring him to repay to the appellees one-half the excess of the amount received by him as fee over the amount received by the appellees upon this remainder debt of $16,400, is to be accordingly modified.

This credit to the appellants of $1,600 for such an amount paid by Combs upon the judgment debt of the appellees having been paid subsequent to or after the rendition of the judgment, the appellants did not have their day in court upon its hearing and allowance, and therefore they should not be barred, either by section 344 of the Civil Code of Practice or otherwise, from being here heard upon the claim and its allowance made to them, upon its being made to appear that same was in fact paid upon the debts of the judgment creditors as alleged.

Therefore, for the reasons stated, the judgment is to the extent above indicated reversed, by reason of the court's error in overruling the demurrer to appellants' petition seeking credit by reason of the $1,600 tax payment made by him for the benefit of appellees. The

judgment is in other respects affirmed, and the court is ordered to enter judgment in conformity with this opinion.